# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-31021
Summary Calendar

EMMETT SPOONER

Plaintiff - Appellant

v.

MICHAEL JACKSON; JERRY MITCHELL; MIKE
EDMUNDSON; STATE OF LOUISIANA; LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
USDC No. 3:00-CV-590

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Emmett Spooner, pro se and in forma pauperis, appeals the summary judgments dismissing his claims against the appellees under 42 U.S.C. § 1983. For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Spooner, who admittedly is not a lawyer but claims to be a civil rights activist and investigator, agreed to assist two former clients of appellee Michael Jackson, an attorney and Louisiana state representative, in locating Jackson. The two former clients apparently had been involved in an accident, had retained Jackson to represent them, and Jackson had allowed their cause of action to prescribe. They filed a complaint with the Louisiana Attorney Disciplinary Board. Spooner made several calls to Jackson's law and legislative offices about the matter, and he also spoke with Jackson's attorney who was representing Jackson before the Attorney Disciplinary Board.

On July 1, 2000, Jackson made a complaint to the Louisiana State Police that Spooner was representing two of Jackson's former clients, that Spooner was not licensed to practice law, that Spooner had demanded that Jackson pay $5,000 to close the case, and that Spooner had threatened to take the matter to the Louisiana Attorney Disciplinary Board if payment was not made immediately. Appellee Jerry Mitchell, a Louisiana State Police Detective, investigated the complaint. Jackson made arrangements for Spooner and the former clients to come to his office on July 7, 2000.

On July 7, the State Police provided Jackson with $5,000 in cash. Later that day, Jackson met with the two former clients and Spooner in his office. Following the meeting, Spooner was arrested for extortion and unauthorized practice of law. Spooner was in possession of $1,000 of the $5,000 provided to Jackson by the State Police, and one of Jackson's former clients had the remaining $4,000 in her possession. Spooner was transported to the Louisiana State Police Detective Office and later transported to the parish prison for booking. Appellee Michael Edmundson, a Louisiana State Trooper, delivered information to the media, which he obtained from Mitchell, concerning Spooner's arrest.

On July 10, 2000, Spooner filed a petition for damages and injunctive relief in state court under 42 U.S.C. § 1983. Spooner alleged that Jackson violated his Fourth and Fourteenth Amendment rights by causing his arrest without sufficient probable cause, that Jackson conspired with and aided Detective Mitchell in making a false arrest of Spooner, and that Jackson made "libalist" and misleading statements to the news media regarding Spooner. He alleged that Detective Mitchell falsely imprisoned him by holding him at the detective's office for over two hours and ignoring his request to be transferred to the parish jail; that Detective Mitchell seized business files from him which were not relevant to the subject matter of his arrest and denied him access to those files; that Detective Mitchell falsely arrested him; that Detective Mitchell conspired with Jackson to falsely arrest him; and that Detective Mitchell attempted to get Jackson's two former clients to make false statements regarding their relationship with Spooner. He alleged that the State of Louisiana is vicariously liable because it agreed to indemnify Detective Mitchell (presumably for any damages awarded against Detective Mitchell), because the Department of Public Safety and Corrections failed to properly train Detective Mitchell, and because the Department of Public Safety and Corrections related false and misleading information to the news media. He alleged that Trooper Edmundson violated his rights under "Louisiana Tort Law, Federal Torts Claims Act," and the Louisiana Constitution by releasing false information about him to the news media.

On August 2, 2000, the defendants removed the case to federal court. The case was stayed pending resolution of state and federal criminal charges against Spooner. Spooner was not indicted or prosecuted for the charges of extortion and unauthorized practice of law for which he was arrested in July 2000. Spooner was convicted on three counts of mail fraud and three counts of wire fraud in federal court. He was sentenced to serve 33 months in prison, followed by three

years of supervised release, and was ordered to pay restitution of $29,198.[1] After the federal criminal charges were concluded, the case was reopened.

In December 2005, the district court granted the motion for summary judgment filed by the State of Louisiana, the Department of Public Safety and Corrections, Detective Mitchell, and Trooper Edmundson. The court held that the defendants were entitled to summary judgment on Spooner's claims of false arrest and false imprisonment because Detective Mitchell had probable cause to arrest Spooner based on the information provided in Jackson's complaint and Detective Mitchell's investigation. The court granted summary judgment on the conspiracy claim because Detective Mitchell had probable cause to arrest Spooner and because his conspiracy allegations were conclusory. The court held that Spooner's detention at the State Police office prior to being taken to the parish prison did not rise to the level of a constitutional violation. The court held that the seizure of Spooner's property that he possessed at the time of his arrest did not amount to a violation of Spooner's Fourth Amendment rights. The court concluded that there was no evidence to support Spooner's allegation that Detective Mitchell attempted to elicit false statements from Jackson's former clients. The court held that the Department of Public Safety and Trooper Edmundson were entitled to summary judgment on Spooner's defamation claims because Spooner failed to produce any evidence that Edmundson disseminated false information to the media regarding Spooner. Finally, the court held that the State and the Louisiana Department of Public Safety (collectively, "the State defendants") were immune from suit under the Eleventh Amendment.

In September 2006, the district court granted summary judgment in favor of Jackson. The court held that Jackson was entitled to summary judgment on

---

[1] In December 2003, this court affirmed Spooner's convictions, but vacated the sentence and remanded for resentencing. On remand, the district court imposed the same sentence, and this court affirmed in January 2005.

the conspiracy claim because Spooner's allegation that Jackson and Mitchell conspired to have him falsely arrested was conclusory and because Detective Mitchell had probable cause to arrest Spooner. It granted Jackson summary judgment on the defamation claim because Spooner failed to produce any evidence that Jackson disseminated false information regarding Spooner to the media or to the police. Spooner appealed.

## II.

On appeal, Spooner contends that the district court erred by granting summary judgment for Mitchell, Edmundson, and the State defendants; that the district court erred by not allowing him to take the deposition of Detective Mitchell; that the district court erred by striking his cross-motion for summary judgment; and that the State defendants waived Eleventh Amendment immunity when they removed the case from state court. We now turn to address each of these contentions.

## A.

In his challenge to the summary judgment for Mitchell, Edmundson, and the State defendants on his false arrest and conspiracy claims, Spooner contends that genuine issues of material fact exist as to whether Detective Mitchell had information and evidence to support his arrest. He argues that the defendants knew or should have known of his position as a civil rights activist and investigator for a Louisiana civil rights organization and, therefore, a reasonable investigator would have attempted to contact him and Jackson's two former clients before deciding to make an arrest. He contends further that a state judge refused to sign a warrant for his arrest and that is why Mitchell and Jackson conspired to entrap him and insisted on his presence at Jackson's office where he was arrested. He maintains that Jackson's refusal to give his two former clients money without Spooner's presence is evidence of the conspiracy.

Our review of the summary judgment evidence persuades us that the district court correctly granted summary judgment for the defendants. The initial complaint and post-arrest report prepared by Detective Mitchell reflect that he received a complaint from a credible source -- Jackson, a lawyer and state representative -- that Spooner, who is not a lawyer, was purportedly representing two of Jackson's former clients and was insisting that Jackson pay $5,000 to them. Furthermore, Jackson reported that Spooner threatened to take the matter to the Louisiana Attorney Disciplinary Board unless payment was made immediately. The information available to Mitchell at the time of Spooner's arrest, including the source of the information and how he obtained it, would warrant belief by a reasonably prudent officer that Spooner was committing the offenses of extortion and unauthorized practice of law. Therefore, Detective Mitchell had probable cause to arrest Spooner. There is no evidence in the record to support Spooner's contention that a state judge refused to sign a warrant for his arrest. Accordingly, the defendants were entitled to summary judgment on the false arrest claim. Because Detective Mitchell had probable cause to arrest Spooner, and because, as the district court correctly noted, Spooner's allegations regarding a conspiracy are conclusory, the defendants were also entitled to summary judgment on Spooner's conspiracy claim.

## B.

We now turn to Spooner's contention that the district court erred by granting summary judgment without allowing him to take the deposition of Detective Mitchell. Spooner asserts that Mitchell, if deposed, would have testified that he was brought into the case by his "boss," Trooper Landry, because Jackson wanted to get Spooner arrested due to Spooner's investigation of Jackson. He asserts that he would have questioned Mitchell about his failure to obtain accessible evidence and information prior to the arrest.

The record reflects that on April 13, 2005, the magistrate judge granted the defendants' motion to compel Spooner to respond to discovery and ordered Spooner to reimburse the defendants for $300 in expenses. The order warned Spooner that failure to comply would subject him to the risk of further sanctions. On May 10, 2005, the defendants filed a motion to enforce compliance with the April 13, 2005 order and sought a stay of all discovery by Spooner pending his compliance. On June 21, Spooner filed a notice to take Mitchell's deposition on June 28. The defendants moved to quash. They noted that they had previously provided Spooner with multiple dates that Mitchell was available, and that Spooner had failed to respond. They also noted that Mitchell would not be available on June 28 because he would be appearing before a grand jury on a murder investigation. In response, Spooner cancelled the June 28 deposition and requested new dates on which Mitchell would be available.

On July 29, 2005, the magistrate judge granted the defendants' motion to enforce compliance with the April 13, 2005 order. As a sanction, the court ordered discovery closed as to Spooner. On October 13, 2005, Spooner moved to reinstate his right to discovery. He said he had paid $50 of the $300 sanction imposed by the April 13, 2005 order and proposed to pay the balance in $50 monthly installments. He requested clarification as to whether the order prevented him from deposing Detective Mitchell. The defendants opposed reinstatement of Spooner's right to conduct discovery. Attached to their memorandum were copies of correspondence to Spooner reflecting that on December 29, 2004, they offered 13 dates in January 2005 for Mitchell's deposition and that on July 6, 2005, they offered six dates in July 2005 for Mitchell's deposition. The defendants asserted that Spooner failed to respond to these letters and two others in which they sought to accommodate Spooner's request to depose Mitchell. The magistrate judge denied Spooner's motion to reinstate his right to conduct discovery, essentially for the reasons stated in the

defendants' opposition. Spooner sought review of the magistrate judge's decision, and the district court affirmed.

The district court did not err by granting summary judgment without allowing Spooner to take Mitchell's deposition. It was not an abuse of discretion for the district court to conclude that Spooner lost his right to depose Mitchell as a consequence of his failure to comply with the April 13, 2005 order. The record reflects that he had a reasonable opportunity to take Mitchell's deposition, but failed to respond to the defendants' offers of available dates for scheduling the deposition.

## C.

Next, Spooner asserts that the district court erred by striking his cross-motion for summary judgment. He contends that it was unfair for the court to strike his cross-motion on the ground that it was untimely after the court allowed Jackson to file his motion for summary judgment after the deadline for filing dispositive motions established in the scheduling order.

Spooner's contentions are without merit. The court found that Jackson had demonstrated good cause for filing his motion for summary judgment after the deadline for filing dispositive motions based on evidence that Jackson's counsel did not receive electronic notice of the scheduling order because of a computer virus. Spooner did not offer any excuse for the untimely filing his cross-motion for summary judgment.

## D.

Finally, Spooner argues that the State of Louisiana and the Department of Public Safety waived sovereign immunity under the Eleventh Amendment by removing the case to federal court. The State defendants did not respond to this contention in their brief. Spooner is correct. See Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002); Meyers v. Texas, 410 F.3d 236 (5th Cir. 2005).

Nevertheless, we affirm the summary judgment in favor of the State defendants on other grounds supported by the summary judgment record. Spooner alleged that the Department of Public Safety failed properly to train Detective Mitchell and that the State is vicariously liable for Detective Mitchell's actions in falsely arresting him and for Trooper Edmundson's actions in disseminating false information to the media about him. Because Detective Mitchell had probable cause to arrest Spooner and because Spooner failed to produce any summary judgment evidence that Trooper Edmundson disseminated false information about him to the media, the district court did not commit reversible error in granting summary judgment for the State defendants even though the basis for its judgment -- Eleventh Amendment immunity -- was improper.

## III.

For the foregoing reasons, the summary judgments in favor of the defendants are

AFFIRMED.